IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVERIA GARCIA, | No. C-09-00881 (EDL) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| GREENPOINT MORTGAGE FUNDING INC., et al., | |
| Defendants. | |

This case was removed from state court on February 27, 2009. Plaintiff's original complaint included fourteen claims, including federal claims under the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 et seq. and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601. This case arises out of Plaintiff's refinancing loan with Greenpoint Mortgage Funding, Inc. Am. Compl. ¶ 41.

On March 30, 2009, Plaintiff filed an amended complaint that no longer states federal claims but asserts state law claims for: 1) violation of California Business and Professions Code § 17200; 2) fraud; 3) breach of implied covenant of good faith and fair dealing; 4) conversion; 5) quiet title; 6) fraud in the inducement; 7) unfair business practices; 8) breach of fiduciary duty; 9) defamation; 10) civil conspiracy; 11) aiding and abetting; 12) unlawful joint venture; 13) injunctive relief; and 14) rescission of loan contract.[1] Plaintiff now seeks to have the case remanded to state court under 28 U.S.C. § 1446(c)(4). For the foregoing reasons, and for the reasons stated at the April 28, 2009 hearing on Plaintiff's motion, the Court hereby remands the case.

---

[1] Plaintiff's motion for remand includes an unopposed request for leave to file an amended complaint, which the Court grants.

## I.  LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441(b); id. at § 1331. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

## II.  MOTION TO REMAND

Defendants argue that this case should not be remanded for two reasons. First, Defendants maintain that this Court should exercise its discretion to retain supplemental jurisdiction over the state law claims. Second, Defendants argue that Plaintiff's amended complaint is properly removed, because federal claims completely preempt several of Plaintiff's state law claims.

### A.  Exercise of Supplemental Jurisdiction

Defendants first argue that remand is improper because at the time of removal, the complaint stated claims under TILA and RESPA, both of which are federal statutes. If federal claims exist at the time of removal, a later amendment deleting all federal claims does not deprive the federal court of subject matter jurisdiction. Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, 159 F.3d 1209, 1213 (9th Cir. 1998). The Court has discretion either to dismiss the state law claims or remand the action to state court. When the federal claims have dropped out of the lawsuit in its

1  early stages and only state law claims remain, however, it may be an abuse of discretion for the
2  federal district court to retain the case. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988);
3  Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981) ("The doctrine of pendent jurisdiction
4  is one of discretion, not of power, as long as the federal claims are substantial enough to confer
5  subject-matter jurisdiction on the federal court. . . When the state issues apparently predominate and
6  all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of
7  the state claim."). This discretionary decision "is dependent upon what will best accommodate the
8  values of economy, convenience, fairness, and comity." Harrell v. 20th Century Ins. Co., 934 F.2d
9  203, 205 (9th Cir. 1991) (internal quotation omitted).

10      Here, the Court will not exercise its discretion to retain the case. Plaintiff removed her
11  federal claims at the outset of the case. While Plaintiff waited until Defendants filed an initial
12  motion to dismiss to amend her complaint, the amendment was made very early in the case before
13  Defendant's motion to dismiss was fully briefed, and there was nothing improper about Plaintiff's
14  tactical decision to move for remand with "due speed after removal." Baddie v. Berkeley Farms, 64
15  F.3d 487, 491 (9th Cir. Cal. 1995) (overruled in part on other grounds) ("There was nothing
16  manipulative about that straightforward tactical decision [to dismiss their federal claims after
17  removal], and there would be little to be gained in judicial economy by forcing plaintiffs to abandon
18  their federal causes of action before filing in state court."). This is a "usual case" in which the
19  balance of factors weighs toward remanding the remaining pendent state claims to state court.

20      **B.    Complete Preemption**

21      As a general rule, a plaintiff is master of his claim, but a plaintiff cannot defeat removal by
22  disguising or artfully pleading his claim as a state law claim. The "artful pleading" doctrine
23  prevents a plaintiff from defeating removal of a legitimate federal claim by attempting to disguise it
24  as one arising under state law. This doctrine applies when a federal statute wholly displaces the
25  state law cause of action. Beneficial Net'l Bank v. Anderson, 539 U.S. 1, 8 (2003). See also, e.g.,
26  Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

27      Defendants generally argue that financial institutions are pervasively regulated by the federal
28  government. Lehman is a federally chartered bank and Aurora is its operating subsidiary.

3

Defendants argue that federal law, in particular the Home Owners Loan Act ("HOLA") and its implementing Office of Thrift Supervision ("OTS") regulations, completely preempt Plaintiff's claims.

Defendants rely on 12 C.F.R. § 560.2 in support of their argument that the Office of Thrift Supervision ("OTS") regulations make clear that state laws do not apply to the lending practices of federal banks and thrifts. That regulation provides that "federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section or § 560.110 of this part." 12 C.F.R. § 560.2(a). Examples of credit activities include "[l]oan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees" and "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." Id. § 560.2(b). However, "[s]tate laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section: (1) Contract and commercial law; (2) Real property law; . . . (4) Tort law; (5) Criminal law; and (6) Any other law that OTS, upon review, finds: (i) Furthers a vital state interest; and (ii) Either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section." Id. § 560.2(c).[2]

Defendants argue that Plaintiff's state law claims are preempted because they are directed at Defendants' disclosures, advertising, processing, origination, servicing, sale, purchase of, or investment or participation in mortgages. Specifically, Defendants argue that Plaintiffs' claims are based on the impropriety of origination disclosures and alleged misconduct at loan origination. See

---

[2] OTS has stated "that the purpose of paragraph (c) is to preserve the traditional infrastructure of basic state laws that undergird commercial transactions, not to open the door to state regulation of lending by federal savings associations." 61 Fed. Reg. 50951, 50966-50967. "When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption." Id.

4

Def. Opp. at 7-8. Plaintiff's amended complaint, however, contains claims that are based, in part, on fraudulent representations regarding assurances of refinancing or fraudulent appraisals, which are not preempted by federal law. While these claims may also be based on allegations regarding origination fees or other improper fees that may be preempted, it is not apparent at this early stage of the litigation that the state law claims are completely preempted. See, e.g., Reyes v. Downey Savings and Loan Ass'n, 541 F. Supp. 2d 1108, 1114 (C.D. Cal. 2008) (noting that if plaintiffs rely on a state law of general application, and the application of the law does not purport to specifically regulate lending activity, the state law is not preempted; holding that California's unfair competition law was not preempted where plaintiffs' claim was based on the general duty of any contracting party not to misrepresent material facts). This case is therefore distinguishable from the cases relied on by Defendants, in which the courts upheld removal because the claims at issue all involved unlawful fees that came within the purview of "interest" under the National Bank Act. See Beneficial National Bank v. Anderson, 539 U.S. 1 (2003) (holding that 12 U.S.C.S. §§ 85 and 86 of the National Bank Act preempted the state-law claim and provided the exclusive cause of action for usury claims against national banks); Taylor v. Wells Fargo Home Mortg., Inc., 2004 U.S. Dist. LEXIS 6910 (E.D. La. Apr. 19, 2004) (holding that debtors' purported state law claim that defendants arbitrarily assessed excessive fees and charges was preempted by the National Bank Act); Phipps v. Guar. Nat'l Bank of Tallahassee, 2003 U.S. Dist. LEXIS 16984 (W.D. Mo. Sept. 17, 2003) (denying remand where plaintiffs alleged that defendants charged illegal loan origination and loan discount fees).

**III.    CONCLUSION**

In accordance with the foregoing, Plaintiff's motion to remand this case is GRANTED.

**IT IS SO ORDERED.**

Dated: April 29, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

5